Mrs. Carnell RUSS et al.,

Trance Russ, a minor age 2, by their mother and next friend, Mrs. Carnell Russ., Plaintiffs,

v.

Charles Lee RATLIFF et al., Defendants.

No. PB 73C–96.

United States District Court, E. D. Arkansas, Pine Bluff Division.

Sept. 10, 1975.

George Howard, Jr., Pine Bluff, Ark., James I. Meyerson, NAACP Contribution Fund, New York City, for plaintiff.

Odell C. Carter, Star City, Ark., Lewis D. Smith, Deputy Atty. Gen., Little Rock, Ark., for defendant.

Charles Ratliff pro se.

W. H. Dillahunty, U. S. Atty. and Robert Fussell, Deputy U. S. Atty., for Raymond L. Faist, F.B.I., S.A.I.C.

## ORDER QUASHING SUBPOENA FOR TAKING OF DEPOSITION OF RAYMOND L. FAIST AND PRODUCTION OF INVESTIGATIVE REPORT OF FEDERAL BUREAU OF INVESTIGATION

OREN HARRIS, District Judge.

The plaintiff in the above-styled case caused a subpoena to be issued by the clerk of this court for the purpose of taking a deposition of Raymond L. Faist, Special Agent in Charge of the Little Rock Office of the Federal Bureau of Investigation, and further directing that Raymond L. Faist produce an investigative report of a civil rights complaint involving the death of Carnell Russ, said investigation alleged to have been conducted by the FBI as a result of an alleged civil rights violation through the death of Carnell Russ. It is alleged that the FBI investigation was conducted on or about June 1971 and involved certain activities occurring at or near

692

the jail at Star City, Arkansas. Both Raymond L. Faist, as Special Agent in Charge of the Little Rock FBI Office, and the Federal Bureau of Investigation were represented by the United States Attorney for the Eastern District of Arkansas, with Robert F. Fussell appearing on behalf of the United States Attorney. A motion to quash the subpoena was filed, which motion claimed, among other things, that the information contained in the FBI investigative file was privileged and not subject to discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure; that the subpoena was unreasonable in that the plaintiff sought to obtain information through the FBI which could be made available to plaintiff from the original sources; that a public trial was held involving the matters at issue and the proceedings of that trial were available to the plaintiff; that plaintiff's request was merely a fishing expedition; and that to require criminal investigative files of the government to be made available for civil litigation would obstruct and be oppressive of the intent of Congress and the FBI's purpose.

The Court heard statements from counsel for plaintiff and counsel representing Raymond L. Faist and the FBI, considered the pleadings and briefs submitted on behalf of the parties, and concluded that the material sought should not be delivered and that the request for the taking of the deposition of Raymond L. Faist in his official capacity as Special Agent in Charge of the Little Rock Office of the FBI should be denied.

It is therefore by the court ordered that the motion to quash the subpoena issued to Raymond L. Faist, Special Agent in Charge of the Little Rock Office of the FBI, be and the same is hereby granted and the subpoena is quashed as to both production of FBI investigative reports and the giving of a deposition by Raymond L. Faist.